J. S. ALEXANDER ET AL. v. W. T. ROBERTSON.

No. 117.

1. Roadbed—Construction of Contract.

A contract for the construction of a roadbed for a railway under the supervision of an engineer, at stipulated rates for clearing, excavation, embankments, etc., can not be made to include clearing and grubbing the right of way beyond the space necessary for the roadbed and its support .......................................................... 514

2. Power of Supervising Engineer.

The contract for roadbed included specified prices for items of labor according to profile, plans, and specifications made part of the contract. Under such contract the supervising engineer could only control the work necessary for the roadbed, and certify labor, etc., upon it. He could not direct other work outside the roadbed and bind his employers thereby. It was error in such condition of facts to instruct the jury that the engineer had power to bind his employers for clearing and grubbing a space greater than necessary for the roadbed and its support ........................................................... 515

3. Charge.

Where a charge is erroneous or misleading it does not devolve upon the party injured to request its correction in another charge. It is only where a charge is incomplete, but correct so far as it goes, that the defect must be sought to be corrected by asking a charge supplying the defects ..................................................... ...... 516

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The facts are given in the opinion.

*William Aubrey*, for plaintiff in error Alexander, and *Upson & Bergstrom*, for plaintiff in error McCracken.—An engineer to whom, by their contract, the parties confide the duty of supervising the construction of the roadbed of a railroad, and of making estimates of the work done thereunder, has no power to order or authorize work to be done not covered by said contract, or to give estimates for such work at other than contract prices.    Railway v. Dilley, 65 Texas, 685; Railway v. Johnson, 74 Texas, 256; McAvory v. Long, 13 Ill., 147; Railway v. Northcott, 15 Ill., 49; Railway v. March, 114 U. S., 549; Sweeney v. United States, 109 U. S., 618; 2 Wood on Rys., 995, 997.

The engineer could not legally make a contract for the parties, nor fix the price of the work included in the contract.    In this case the first engineer in charge, whose estimates were followed by his successor in ignorance of the contract, not only extended the contract beyond the intention of the contracting parties, and made it cover the right of way outside the roadbed (to that extent making a contract for the parties),

but also fixed a rate of compensation for the work performed double that agreed upon by the parties themselves.

In case of Railway v. Dilley, supra, the contract of construction conferred far greater powers upon the engineer than that in the case at bar. In that case the parties agreed as follows:. "The quantity and amounts of the several kinds of work performed under this contract shall be determined by the chief engineer, or by an assistant engineer acting under his direction, and his determination shall be conclusive upon both parties. The chief engineer, or his assistant, shall decide every question which can or may arise between the parties relative to the execution thereof, and his decision shall be final and binding upon both parties to this contract."

Notwithstanding the extensive powers conferred upon the engineer in that case, the court held: "There is no doubt but that when parties to such a contract submit such a matter to the decision of the engineer, his determination is final and conclusive, unless in making it he has been guilty of fraud, misconduct, or such gross mistake as would imply bad faith or a failure to exercise an honest judgment; but his decision must be in accordance with the contract. The parties agree, as they did in this case, that he shall determine the amount of work done by them under the contract; not that he shall make a different contract for them. He decides under the legal construction of the contract, not upon such construction as he may choose to give it. He is not made the arbitrator, to whom is to be referred differences as to the meaning of the contract, and he can not adopt rules of measurement that it does not authorize."    65 Texas, 691.

The ruling of the engineer can not, as supposed by the court below, be excused upon the plea of necessity. Whatever may be the rule of constitutional construction as to implied powers, such liberality does not obtain in contracts between private individuals. The latter are bound only as they bind themselves. It is absurd to suppose that whatever work a supervising engineer "may deem necessary" shall be paid for by a party who has been at great pains to define his wishes and obligations, and set forth clearly what work he wants done, and what price he intends to pay for it. Such a rule would operate to put the engineer in place of both the contracting parties, and substitute his opinion for their express agreement.

*Houston Bros.*, for defendant in error.—Appellee showed that he did the work, and all the work covered by the estimates of the engineers of the appellants, and to their satisfaction, and that the same was required by said engineers under the contract, and he did the same at their instance and under their direction.

The engineers in charge of the work were the agents of the defendants, and they did not exceed their authority in directing the manner and

amount of work done under the contract, and in giving the estimates sued on.

And on motion for rehearing: We insist that this court has no right, under a proper construction of the contract, to so limit the powers of the engineers or the duty of the plaintiff. Either the contract authorized the engineers to make plans, profiles, and specifications for the proper construction of said roadbed, and direct the same to be carried out, and it was the duty of the plaintiff to properly construct the same, and to be so far governed by such profiles, plans, and specifications, or else those plans and specifications and the presence of the engineer were superfluous under the terms of the contract; and we insist that such were the powers conferred and duties imposed by the contract. As said by the court, a fair construction of the contract authorized the engineers to so far construe the same as to require the construction of a safe roadbed; and this being true, there can be neither law nor reason for attempting the argument that the word "proper" is of so much broader significance than the word "safe," that the power should be limited to a "safe" instead of a "properly" constructed roadbed. Such niceties of distinction, we respectfully submit, are not justified by anything in the contract, in the English language, or in the law. The fact, if it be a fact, that valuable property rights can be lost or destroyed by such a distinction, so finely drawn as to be incomprehensible to the average mind, would be calculated to, if it did not, bring the administration of law into disrepute. The contract expressly stipulated that the work should be done according to the profiles, plans, and specifications, and under the direction and supervision of defendants' engineers. This left the contract incomplete in itself; left something to be added to it by the engineer. What was this something? Profiles, plans, and specifications; whatever was necessary in their judgment, not to construct said roadbed so that it would be "safe," but, by all reasonable intendment, to construct it "properly." To this the charge of the court confined the inquiry of the jury.

STAYTON, CHIEF JUSTICE.—This action was brought by defendant in error to recover under a contract for work done by him.

So much of the contract as it is necessary to consider is as follows:

"*The State of Texas, County of Bexar.*—Know all men by these presents, that we, R. H. McCracken and J. S. Alexander, as parties of the first part, and W. T. Robertson, as party of the second part, have entered into the following contract:

" Whereas, the parties of the first part own and control a concession for the contruction and operation of a line of railroad and telegraph from Matamoros, in the State of Tamaulipas, to Linares, in the State of

Nueva Leon, and Matahuala, in the State of San Luis Potosi, in the Republic of Mexico; therefore the party of the second part agrees and binds himself to construct twenty-five kilometres of the roadbed of said railroad, ready for ties, rails, and bridges, and furnish all the labor, wagons, scrapers, animals, and other tools necessary therefor; and parties of the first part agree to pay him therefor, in Mexican silver dollars, the following rates: Earth work, per cubic metre, 22 cents; ditching required for draining, same price according to classification; clearing and grubbing, per metre, $2\frac{1}{2}$ cents; gravel, per cubic metre, 30 cents; loose rock, per cubic metre, 75 cents; solid rock, needing use of explosives, per cubic metre, $1.30.

" The parties of the first part agree and bind themselves to pay to the party of the second part the aforesaid prices, at the time and in the manner herein after set out.

" It is mutually agreed:

" 1. That the work shall be begun immediately, and prosecuted without interruption, and shall be done under the supervision of the engineer of the parties of the first part, and in accordance with the profile, plans, and specifications to be furnished by such engineer, and all work is to be done to his satisfaction, and to be accepted and approved by him."

The court correctly instructed the jury as follows:

" You are charged, that under the contract in evidence plaintiff was bound to construct twenty-five kilometres of the roadbed of defendants' railway, for which defendants were bound to pay him the prices set out in the contract; and the engineer in charge of said work, placed there by the defendants, had no power to construe the legal effect of said contract, but the power to simply superintend and direct the work provided for in said contract, and had no power to order or direct the construction or doing of work not covered by or intended to be covered by or included in said contract; and said engineer had the power only to determine whether the work was so done in accordance with the provisions of the contract, and to give estimates of the quantity of work done, but not to fix any prices therefor; and therefore the estimates given by such engineer, if made in good faith, are binding only as to the amount of work done by plaintiff under and by virtue of the terms of the contract, and is not binding as to any work done and not included or intended to be included in said contract.

" You are further charged, that plaintiff brings his suit to recover for work done under and by virtue of the terms of the contract offered in evidence, and does not seek to recover for the value of any work done and not covered by or intended to be covered by the said contract; therefore in making up your verdict in accordance with this charge, you will not allow the plaintiff anything for work done by him if not included or intended to be included in or covered by the contract in evidence.

" If you believe from the evidence that the term roadbed means simply that part of the road intended to support the superstructure, that is to say, ties, rails, and bridges, then you can allow plaintiff nothing in this suit for clearing the right of way outside of the roadbed."

After giving these and other appropriate charges, the court gave the following:

" If you believe from the evidence that in order to construct said roadbed as specified in said contract, it was deemed necessary by the engineer in charge of the work to clear or grub a greater space of ground along the line of said roadbed than was actually covered by the roadbed, then and in that event all of the land so necessarily worked and considered requisite by the engineer to properly construct said roadbed shall be considered as included in said contract, and the pay therefor shall be computed and allowed as stipulated for such work in the contract."

The giving of this charge is assigned as error.

The uncontroverted evidence shows, that the average width of the roadbed would not exceed five metres, but that plaintiff, under instructions of engineers in charge of the work, cleared the right of way to a width of thirty metres, and· that this work entered into the estimates on which his claim for balance due is made.

It seems that defendants were not present when the work was done, and that the engineers were not in possession of the contract, and ignorant of its terms.

That any work done and necessary to the proper construction of the roadbed would be embraced in the contract, is evident; and the parties must be presumed to have contracted for construction of a safe roadbed, although this might embrace work on a width greater than the surface of the actual roadbed.

If in making excavation through a hill for the roadbed, in order to make that safe, it became necessary to clear and excavate for such a space as would give proper slope to the sides of the excavation; or if in making a deep fill it was necessary to make the base much broader than the top of the formation on which the road and other structures would rest, then all the work done to accomplish those purposes would be embraced in the contract, and the charge might properly so have informed the jury.

The purpose of the charge, however, as well as its probable effect upon the jury, must be considered in the light of the facts on which plaintiff based his right to recover under the estimates made by the engineer; and it evidently was intended, and so understood by the jury, to determine the compensation plaintiff was entitled to receive for clearing or grubbing the right of way, as well as the roadbed.

If the charge had limited the right to recover to such services as were necessary to make a safe roadbed, as required to that end by the engi-

neers, it would have been correct; for the latter were empowered by defendants to determine how that should be constructed, and it was the duty of plaintiff, under the contract, in so far, to be governed by the profile, plans, and specifications of the engineers placed in charge of the work.

The charge, however, does not so limit the right of the plaintiff to recover, but informed the jury that he might recover for clearing or grubbing a greater space along the line of the roadbed than was actually covered by it, if this was deemed necessary by the engineer in charge of the work.

Clearing or grubbing a right of way thirty metres wide may have been deemed necessary by the engineers to the safety of the road to be constructed, or necessary to enable the plaintiff to do the work he had contracted to do; but if such work was necessary to these ends, that would not bring it within the contract, unless the work entered into the proper construction of such a roadbed as the engineers required to be constructed.

The construction of the roadbed was the subject matter of the contract between the parties.

Whether a railway to be placed on the roadbed to be constructed under the contract could be safely operated unless the right of way was cleared, was a matter with which the plaintiff was not concerned; and as the defendants had made no contract with reference to that, outside of that part affected by proper construction of the roadbed, the engineers had no power to bind them under the contract for any work not fairly contemplated by it.

If plaintiff found it necessary to clear brush or timber from a part of the right of way, other than that necessary for the proper construction of the roadbed, in order that his employes and teams might have access to the work he had contracted to do, that would not entitle him to compensation therefor under the contract, even if the engineers directed this to be done; for his contract was made with reference to the right of way as it was, and not with reference to the right of way to be cleared by defendants.

Whatever expense or labor was necessary to enable plaintiff to perform the work he had contracted to do would fall upon him, and can not be imposed on the defendants under the contract.

All the work embraced in the contract, other than ditching, was to be performed in constructing the roadbed, and the ditching, which probably would frequently extend even beyond the right of way, was contracted for evidently because deemed necessary to the construction of a safe roadbed.

We are of opinion that the charge complained of was misleading, and as matter of law erroneous when applied to the contract and facts on which plaintiff based his claim; and in such case it was not incumbent on

defendants to ask a charge correcting it. That is necessary only when the charge is correct as far as it goes, but does not present the law fully on some phase of a case.

No question arises in this case as to the circumstances under which plaintiff would be entitled to recover for work done by him under instructions from the engineers, which was not embraced in the contract, and it is therefore unnecessary to consider such a question.

For the error of the District Court in giving the charge complained of, the judgment of that court and the Court of Civil Appeals will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 29, 1894.